**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3593
_____

CYNTHIA M. YODER,

Appellant

v.

MORROW, TOMPKINS, TRUEBLOOD & LEFEVRE, LLC;
MR. RICHARD J. TOMPKINS, ESQ.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-04590)
District Judge:  Honorable J. William Ditter, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2016

Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: December 20, 2016)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Cynthia Yoder appeals pro se from the District Court's order dismissing her complaint with prejudice. For the reasons that follow, we will affirm that order.

I.

Yoder's complaint, which was brought against private attorney Richard J. Tompkins and Tompkins's Pennsylvania-based law firm (hereinafter collectively referred to as "Defendants"), concerned a Pennsylvania state court civil action in which Yoder was apparently involved. Defendants represented the opposing party in that state court case, and Yoder's (federal) complaint alleged that Defendants had sent her a threatening letter after she attempted to submit a pro se filing in that case.[1] Her complaint claimed that Defendants' conduct amounted to intimidation and harassment, and she argued that she was entitled to relief under 42 U.S.C. § 1983 and Pennsylvania law.

Defendants moved to dismiss the complaint with prejudice for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6). On October 5, 2015, the District Court granted the motion over Yoder's objection, concluding that dismissal was

---

[1] The letter, which was authored by Tompkins and attached to Yoder's complaint, states as follows: "Dear Ms. Yoder: I have received your most recent correspondence. Unless you are an attorney, you are unable to practice law. In the event that you send anymore documents, I will have no choice but to turn you in to the Pennsylvania Disciplinary Board for unauthorized practice."

2

warranted under Rule 12(b)(1) and that the dismissal should be with prejudice because amendment of the complaint would be futile. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review de novo the District Court's dismissal of Yoder's complaint under Rule 12(b)(1). See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 530 (3d Cir. 2012). A complaint may be dismissed under Rule 12(b)(1) "only if [the claim raised therein] clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (internal quotation marks omitted). "The threshold to withstand a motion to dismiss under [Rule] 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989).

In this case, we agree with the District Court that Yoder's complaint failed to meet the threshold to survive dismissal under Rule 12(b)(1). Because there is no diversity jurisdiction in this case,[2] the District Court could exercise jurisdiction over her complaint only if this civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute. Section 1983

---

[2] For a district court to have diversity jurisdiction, "no plaintiff can be a citizen of the same state as any of the defendants." Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003). Here, Yoder does not dispute

3

provides a basis for relief only when the (1) plaintiff is deprived of a federal right, and (2) the defendant(s) who deprived her of that right acted under color of state law. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). As the District Court explained, Yoder's allegations do not implicate a federal right and Defendants were not acting under color of state law. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.") (quoting Polk County v. Dodson, 454 U.S. 312, 318 (1981)).[3] Because Yoder's purported § 1983 claim was "wholly insubstantial and frivolous," the District Court's dismissal of her complaint for lack of jurisdiction was proper. Furthermore, because we agree with the District Court that amendment of the complaint would be futile, the District Court did not err when it dismissed the complaint with prejudice. See United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

We have considered Yoder's various arguments in her appellate brief and conclude that none has merit. Accordingly, and in light of the above, we will affirm the District Court's judgment. To the extent that Yoder requests appointment of counsel, that

---

the District Court's finding that all of the parties are citizens of Pennsylvania.
[3] Yoder's complaint mentions in passing the federal Crime Victims' Rights Act, 18 U.S.C. § 3771, which provides certain rights to "crime victims." But that statute has no bearing on this case, for there is no indication that Yoder qualifies as a "crime victim." See 18 U.S.C. § 3771(e)(2)(A) (defining "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia").

request is denied.  To the extent that she requests any other relief from this Court, that request is denied, too.